UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-CR-62-HAB |
| | ) | |
| VORHEESE D. ZANDERS | ) | |

**OPINION AND ORDER**

In July, Defendant filed a Motion for Clarification on Potential Conflict of Interest (ECF No. 72). The Court held a hearing on the motion on August 16, 2022, where Defendant was sworn and provided testimony. Having considered the evidence received at the hearing, the Court concludes that there is no conflict of interest that would require Attorney Haralambos Mihas to withdraw. Even if such a conflict did exist, Defendant has made a knowing and intelligent waiver.

**I.      Factual and Procedural Background**

Defendant was charged as part of a ten-count indictment alleging a conspiracy to distribute fentanyl and methamphetamine. He pleaded guilty to counts 5 and 7, alleging possession with intent to distribute fentanyl and possession of a firearm in furtherance of a drug trafficking crime, in June.

Sometime after the plea, Attorney Mihas met with another of his federal-defendant clients ("Client #2"). Client #2 told Attorney Mihas that he knew Defendant and, it seems, was willing to share information regarding Defendant with the Government. At this point, Attorney Mihas ended the conversation with Client #2. He and his firm then withdrew as attorneys for Client #2.

If Client #2 has any involvement with the alleged crimes in this case, it was minimal. Client #2 was not named in any of the discovery provided by the Government. The Government has not

identified Client #2 as a potential witness. Indeed, Attorney Mihas has not been able to independently verify any relationship between Defendant and Client #2.

Because Attorney Mihas did not become aware of the potential conflict until after Defendant pleaded guilty, the potential conflict could not, and did not, impact Attorney Mihas' advice regarding the plea. Both Attorney Mihas and Defendant verified that they had met and extensively discussed the potential conflict. Defendant told the Court that he understood the potential conflict. He further confirmed that he would have pleaded guilty even if he had known the specifics of the potential conflict in advance. Finally, Defendant agreed to waive any potential conflict and asked that Attorney Mihas remain his counsel.

## II.     Legal Analysis

Inadequate assistance does not satisfy the Sixth Amendment right to counsel. A guilty plea is open to attack on the ground that counsel did not provide the defendant with "reasonably competent advice." *McMann v. Richardson*, 397 U.S. 759, 770–771 (1970); *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Because this issue will arise in the future, if at all, on collateral attack, the Court will use those cases as a framework for discussing the potential conflict.

A district judge has a duty to explore a potential conflict when it is brought to her attention or when it is readily apparent from the record. *See Wood v. Georgia*, 450 U.S. 261, 272 (1981); *United States v. Ellison*, 798 F.2d 1102, 1108 (7th Cir.1986). In addition, the judge should normally discuss the matter with the defendant. *See United States v. Jeffers*, 520 F.2d 1256, 1263 n. 11 (7th Cir.1975). Except for cases of dual representation, which this case does not feature[1], the exact manner of the judge's inquiry is not prescribed. *See* Fed. R. Crim. P. 44(c). Even if there is an actual conflict of interest, a defendant must prove that it "adversely affected his lawyer's

---

[1] Dual representation occurs only where two or more defendants have been charged jointly or their cases joined, and all are represented by the same counsel or affiliated counsel. Fed. R. Crim. P. 44(c)(1).

2

performance" before collateral relief is available. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). An actual conflict of interest exists where a lawyer "actively represented conflicting interests." *Id*. at 350.

At no point was Attorney Mihas representing conflicting interests. As soon as it became apparent that there was even a potential conflict, Attorney Mihas and his firm terminated their relationship with Client #2. Even if Defendant and Client #2 had penal interests that did not align, Attorney Mihas never dirtied himself in those waters. At most, Attorney Mihas represented two individuals in separate, but related, criminal matters. This, alone, does not give rise to an actual conflict of interest. *United States v. Stantini*, 85 F.3d 9, 14 (2nd Cir. 1996).

Finding no conflict, there is nothing for Defendant to waive. *Cerro v. United States*, 872 F.2d 780, 788 (7th Cir. 1989). Indeed, where there is no conflict of interest, a district court must generally respect the defendant's choice of counsel. *United States v. Turner*, 594 F.3d 946, 952 (7th Cir. 2010). It is unnecessary, then, to delve into Defendant's waiver.

But if the Court is wrong on the conflict issue, it nonetheless finds that Defendant has waived any conflict. Generally, a defendant's waiver is valid when the judge informs him that he has a right to conflict-free counsel and ensures that he understands the potential consequences of the conflict. *Freeman v. Chandler*, 645 F.3d 863, 868 (7th Cir. 2011). The district court need only be satisfied that the defendant made an informed decision—not that the decision was a prudent one. *United States v. Flores*, 5 F.3d 1070, 1078 (7th Cir. 1993).

Assuming there was a conflict, Defendant made a knowing waiver. Defendant had the opportunity to hear Attorney Mihas detail the nature of the conflict and affirmed that he understood the information Attorney Mihas provided. Defendant was advised of the risk of joint representation (the closest conflict to this case), namely that Attorney Mihas might consider interests other than

3

Defendant's in rendering advice. Defendant confirmed that he was satisfied with Attorney Mihas' representation and that he did not believe that any potential conflict affected that representation. Defendant re-affirmed his desire to plead guilty even knowing the nature of the potential conflict. Finally, Defendant expressly waived any conflict that might exist. The Court is satisfied that Defendant's decision was an informed one.

For these reasons, the Court concludes that there is no conflict in this case that would require Attorney Mihas to withdraw. The Court further concludes that, even if a conflict existed, a knowing, informed, and intelligent waiver was made by Defendant. Sentencing and all related dates set out in ECF No. 83 are CONFIRMED.

SO ORDERED on August 18, 2022.

                                          s/ Holly A. Brady
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT