UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:19-CR-62-HAB |
| ) | |
| VORHEESE D. ZANDERS ) | |

## OPINION AND ORDER

Defendant plead guilty to two counts of a ten-count indictment. He affirmed, under oath, that he committed the acts alleged. Now, pro se, he wants to withdraw that plea. (ECF No. 111). But Defendant's request to withdraw his plea is short of satisfying the high burden Defendant faces and his motion will be denied.

**I.      Factual and Procedural History**

Defendant was a member of the Thrust Godz, a criminal organization that distributed narcotics in Fort Wayne, Indiana. From August 2017 through February 2018, federal agents conducted several controlled buys of narcotics, with Zanders acting either as the direct seller or as a middleman for the sale. A March 2018 search of Defendant's residence found several narcotics, including fentanyl, oxycodone, and marijuana, as well as a .380 caliber pistol and two loaded high-capacity rifle magazines. Based on the investigation into Defendant and the Thrust Godz, Defendant was indicted in July 2019 on ten counts of possession with intent to distribute scheduled substances and possession of a firearm in furtherance of a drug trafficking crime.

In May 2022, Defendant agreed to plead guilty to Counts 5 and 7 of the indictment: possession with the intent to distribute 40 grams or more of fentanyl and possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 61). A change of plea hearing was conducted a month later.

During the hearing, Defendant confirmed that he understood he was there to plead guilty. (ECF No. 105 at 12). He stated that he was "fully satisfied" with his attorney's performance. (*Id*. at 13). He stated that he understood the plea agreement, and that there was nothing in the agreement that he didn't understand. (*Id*. at 15). He stated that he had not been forced to plead guilty, that he had not been threatened, and that no one had made any promises or assurances to obtain the guilty plea. (*Id*. at 23). Defendant confirmed that he understood the potential penalties. (*Id*. at 24). Most importantly, he stated, under oath, that he committed the crimes charged in Counts 5 and 7. (*Id*. at 30, 46).

## II.     Legal Discussion

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant "may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal." The Seventh Circuit has recognized three general grounds that merit withdrawal of a guilty plea: where the defendant shows actual innocence or legal innocence, and where the guilty plea was not knowing and voluntary. *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). Whether to allow withdrawal of an accepted guilty plea is left to the sound discretion of the district court. *United States v. Redmond*, 667 F.3d 863, 870 (7th Cir. 2012); *United States v. Peleti*, 576 F.3d 377, 382 (7th Cir. 2009).

A plea of guilty is a formal and solemn step, where the defendant admits his guilt under oath after assuring the court, also under oath, that he is ready, willing, and able to make that decision after consulting sufficiently with his lawyer and being informed about all matters that he needs to know about to make the decision. *See* Fed. R. Crim. P. 11(b). A defendant's motion to withdraw is unlikely to have merit if it seeks to dispute his sworn assurances to the court. *United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015) (district court may presume truth of defendant's

prior sworn statements in plea colloquy); see also *Mays*, 593 F.3d at 607 (answers to proper Rule 11 colloquy are presumed true, imposing heavy burden on defendant and leaving the "fair and just" escape hatch "narrow").

The problem with Defendant's factual assertions in support of his request to withdraw his plea is that they are all contradicted by his plea colloquy. He states that he was not "made aware of the full consequences of his plea," (ECF No. 111 at 1), but those consequences were covered in depth by Magistrate Judge Collins at his plea hearing. He states that his plea was "altered or changed" after he signed it (*id.*), but Magistrate Judge Collins went through each provision during the plea hearing. He argues that the plea was "entered into under ignorance, fear, threat, duress, and coercion," (*id.*), but he expressly disavowed any such coercion at the hearing. Defendant testified under oath at his plea agreement, and the Court will not permit him to escape his plea by arguing that his prior statements were perjurious.

Now, Defendant might be able to extricate himself from the perjury issue if he could show ineffective assistance of counsel. Ineffective assistance of counsel that leads to the involuntary or unknowing entry of a guilty plea can be a basis to withdraw the plea. *See United States v. Barr*, 960 F.3d 906, 917–18 (7th Cir. 2020). In assessing whether a defendant received ineffective assistance, this court applies the familiar standard of *Strickland v. Washington*, 466 U.S. 668 (1984), asking whether the attorney's performance was objectively unreasonable and whether, but for the deficient performance, the defendant would not have pleaded guilty. *See Barr*, 960 F.3d at 918.

But whatever hypothetical relief an ineffective assistance of counsel claim might provide, Defendant never tries to show ineffective assistance here. Instead, he merely alleges that he did not receive "affective assistance of counsel." (ECF No. 111 at 1) (sic). Defendant has failed to

present even a scintilla of evidence supporting his naked assertion of ineffective assistance, leaving the Court with no choice but to deny his request to withdraw his plea agreement on this ground. *See Galbraith v. United States*, 313 F.3d 1011, 1008-09 (7th Cir. 2002).

### III. Conclusion

For these reasons, Defendant's request to withdraw his guilty plea (ECF No. 111) is DENIED.

SO ORDERED on April 10, 2023.

      s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT